OPINION
{¶ 1} Appellant, James Noe ("appellant") appeals from the judgment entered in the Richland County Court of Common Pleas granting summary judgment in favor of appellee, Robert Sloboda, and ordering defendant H. Robert Gimbel to specifically perform under the terms of a Purchase Agreement with appellee Sloboda and to timely execute and deliver to appellee Sloboda a deed for certain real estate. Appellant assigns as error:
 I {¶ 2} "The Trial Court Prejudicially Erred To Appellant's Detriment By Granting Summary Judgment To Appellee Ordering The Sale Of The Property By Appellant To Appellee When: 1) The Condition Precedent For Sale Had Not Been Met; And 2) Then The Circumstances Surrounding The Sale Terminated The Contract As A Matter Of Law.
 II {¶ 3} "The Trial Court Prejudicially Erred To Appellant's Detriment By Rendering A Decision Prior To The Scheduled Hearing On The Motions For Summary Judgment."
 {¶ 4} Defendant, H. Robert Gimbel ("Gimbel") is the owner of fourteen acres of land in Mifflin Township, Richland County, Ohio ("Property"). On March 8, 2002, while Gimbel was a debtor in Chapter 13 bankruptcy proceedings, Gimbel entered into a contract to sell the Property to appellee Sloboda for $65,000.00. Because of the bankruptcy proceedings, the purchase agreement specifically provided that it was subject to the approval and direction of the bankruptcy court.
 {¶ 5} Before the bankruptcy court journalized or filed an entry approving the purchase agreement between Gimbel and appellee Sloboda, Gimbel, on June 5, 2002, entered into a second purchase agreement with appellant to sell the Property for $75,000.00. Again, this second purchase agreement was contingent upon the acceptance and approval of the bankruptcy court.
 {¶ 6} Before the bankruptcy court could approve either purchase agreement, it dismissed the bankruptcy proceedings involving Gimbel. Thereafter, Gimbel indicated his intent to sell the Property to appellant for $75,000.00 and not abide by the first contract with appellee Sloboda. As a result, appellee Sloboda filed the within action seeking to specifically enforce his $65,000.00 contract with Gimbel for the purchase of the Property.
 {¶ 7} By judgment entered, June 5, 2003, the Richland County Court of Common Pleas granted summary judgment in favor of appellee Sloboda and ordered Gimbel to specifically perform the original purchase agreement with appellee Sloboda for $65,000.00. Appellant filed a timely notice of appeal from that judgment.
 I {¶ 8} Through his first assigned error, appellant maintains that the dismissal of Gimbel's Chapter 13 bankruptcy proceedings effectively voided all contracts for the purchase of the Property that were made during the pendency of those proceedings. In other words, appellant maintains that any contracts entered during the pendency of the bankruptcy proceedings that were not approved by the bankruptcy court prior to the dismissal of those proceedings are to be treated as though the contracts had never been entered. In support of this position, appellant directs us to Title 11, United States Code, Section 349.
 {¶ 9} Appellant asserts that under 11 U.S.C. § 349, Gimbel's contract with appellee, that was entered during the bankruptcy proceedings, was now null and void and Gimbel was free to sell his property to anyone whom he chose. We disagree.
 {¶ 10} 11 U.S.C. § 349 explains the effect of a dismissal of a Chapter 13 Bankruptcy proceeding. That section, however, does not specifically provide that any and all contracts executed during the pendency of the bankruptcy proceeding shall be treated as void ab initio if the bankruptcy proceedings are dismissed.
 {¶ 11} Indeed, the legislative history for 11 U.S.C. § 349
suggests otherwise. That history states, in pertinent part:
"The basic purpose of the subsection is to undue the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case. This does notnecessarily encompass unduing sales of property from the estate to a goodfaith purchaser. . . ." (Emphasis added)
 {¶ 12} We believe, when reading this legislative history, that Gimbel was not relieved from his contract with appellee Sloboda simply because the bankruptcy proceedings were dismissed. Rather, we believe that the contingency for bankruptcy approval was removed once the bankruptcy court dismissed those proceedings. Such dismissal did not have the effect of voiding an otherwise valid contract for the sale of the property between Gimbel and appellee Sloboda.
 {¶ 13} Accordingly, we overrule appellant's first assigned error.
 II {¶ 14} To his second and final assignment, appellant maintains the trial court erred in entering its decision before the scheduled hearing on the motions for summary judgment.
 {¶ 15} It appears from the record that the trial court set this matter for hearing on the pending summary judgment motions for June 5, 2003. The trial court did not allow an oral hearing to proceed on that date. Rather, the trial court entered its ruling on June 5, 2003.
 {¶ 16} It appears to this court that the trial court did not violate the dictates of Civ.R. 56 because it scheduled a non-oral hearing to consider the motions for summary judgment.
 {¶ 17} Appellant's final assignment of error is hereby overruled.
 {¶ 18} For the reasons stated above, appellant's assigned errors are hereby overruled and the judgment entered in the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
By Farmer, J., Hoffman, P.J. and Wise, J. concur.